UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON SPELTZ,  <br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )    **COMPLAINT** |
| UNITED STATES OF AMERICA,<br>And MAJOR GENERAL WILLIAM<br>REDDEL, III<br>    Defendants | )<br>)    **JURY DEMANDED**<br>)<br>)<br>)<br>)<br>) |

### PRELIMINARY STATEMENT

This is an action brought pursuant to the Federal Tort Claims Act in which JASON SPELTZ seeks relief for damages he has suffered due to the conduct of agents and employees of the defendant UNITED STATES OF AMERICA, as well as a supplemental state claim for wrongful termination.

### JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1346(b) and 2671-80. The plaintiff requests that this Court exercise supplemental jurisdiction of any state court cause of action that arise from a common nucleus of operative facts that five rise to the federally based cause of action pleaded herein. 28 U.S.C. § 1307

### VENUE

Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391 (e).

1

## PARTIES

1. The plaintiff, JASON SPELTZ, is a resident of Rochester, New Hampshire.

2. The New Hampshire Army National Guard is an agency of the United States of America, as well as the State of New Hampshire. The UNITED STATES OF AMERICA, defendant herein, through its agency, the National Guard Bureau, oversees civilian technicians of the New Hampshire Army National Guard.

3. Defendant MAJOR GENERAL WILLIAM REDDEL, III, at all times relevant, was the TAG (Adjutant General) of the New Hampshire Army National Guard. He is being sued in his individual capacity.

## JURISDICTIONAL PREREQUISITES

4. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), plaintiff filed his claim with the defendant's agency, the National Guard Bureau, on May 10, 2016, there has been no response and more than six months have passed. Accordingly, plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## FACTS

5. Plaintiff, JASON SPELTZ, is a Sergeant Major in the New Hampshire Air National Guard [Guard]. He was also employed as a technician as the State Sexual Assault Response Coordinator.

6. On August 26, 2013, SERGEANT SPELTZ, along with others in the Guard, traveled to San Antonio, Texas, as part of their Guard duties for a joint after action review.

7. One of the other group members was Lieutenant Colonel Raymond Valas. Colonel Valas was subsequently indicted for child sex trafficking in federal court, for conduct committed in Texas.

8. Colonel Valas's defense counsel requested that SERGEANT SPELTZ and other Guard members testify as fact witnesses at trial. The purpose of said testimony was to provide Colonel Valas with a partial alibi.

9. On November 16, 2014, Major Chang, the legal advisor to defendant GENERAL REDDEL, gave SERGEANT SPELTZ written authorization to testify under certain conditions: he was to testify in civilian attire, in his personal capacity and not discuss official business.

10. On November 19, 2014, SERGEANT SPELTZ and other Guard members went to Texas and testified at Colonel Valas' trial. Colonel Valas was convicted.

11. The Assistant United States Attorney publically made derogatory comments about SERGEANT SPELTZ's testimony.

12. Defendant GENERAL REDDEL, the charging officer, appointed Colonel Caruolo to investigate the circumstances surrounding the testimony of the Guard witnesses, including SERGEANT SPELTZ.

13. Colonel Caruolo recommended that SERGEANT SPELTZ be transferred out of his technician position.

14. Defendant GENERAL REDDEL issued a proposed action letter on February 20, 2015, charging SERGEANT SPELTZ with conduct unbecoming a National Guard Technician.

15. Pursuant to applicable regulations, a two day appeals hearing was held.

16. Testimony was heard. Among those testifying were the plaintiff SERGEANT SPELTZ, the defendant GENERAL REDDEL, Colonel Caruolo and David Ruoff.

17. Ruoff at that time was a criminal defense lawyer, and former prosecutor. Now is he a New Hampshire Superior Court Judge. Judge Ruoff was called by SERGEANT SPELTZ as an expert witness, who opined that the testimony of SERGEANT SPELTZ at Colonel Valas's trial was not inappropriate.

18. In a twenty page opinion, Hearing Officer Timothy Tomcho found that defendant GENERAL REDDEL did not prove the charges against SERGEANT SPELTZ by a preponderance of the evidence and recommended that SERGEANT SPELTZ's appeal be granted and that he be reinstated.

19. Attached as Exhibit 1 to this complaint is Hearing Examiner Tomcho's report. The report is incorporated into this complaint as if specifically plead herein.

20. Nonetheless, GENERAL REDDEL terminated SERGEANT SPELTZ on November 30, 2016, despite the fact that SERGEANT SPELTZ was engaging in conduct encouraged by public policy.

## COUNT ONE
## FEDERAL TORT CLAIMS ACT
## AGAINST THE UNITED STATES OF AMERICA

21. Plaintiff SERGEANT SPELTZ, realleges paragraphs 1-20 of this Complaint as if specifically set forth.

22. Public policy encourages all individuals to participate in court proceedings when appropriate.

23. Specifically, public policy encourages witnesses, like SERGEANT SPELTZ to give relevant and truthful testimony in criminal prosecutions if asked by defense or prosecution.

24. SERGEANT SPELTZ did so to the best of his ability.

25. SERGEANT SPELTZ was unlawfully terminated under New Hampshire tort law, for engaging in conduct encouraged by public policy.

26. As a proximate cause of said unlawful termination, SERGEANT SPELTZ suffered economic and other damages within the jurisdiction of this Court.

## COUNT TWO
## SUPPLEMENTAL STATE COURT CLAIM
## OF UNLAWFUL TERMINATION AGAINST
## MAJOR GENERAL WILLIAM REDDEL, III

27. Plaintiff, SERGEANT SPELTZ, re-alleges paragraphs 1-26 of this complaint as if specifically set forth.

28. As stated above, the termination of SERGEANT SPELTZ was illegal since it punished conduct encouraged by public policy.

## RELIEF SOUGHT

Plaintiff seeks judgment against the defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all court costs incurred in this litigation and for such other and further relief, at law and in equity, both general and special, to which plaintiff may show himself entitled and to which the Court believes deserving.

Date: April 25, 2017
Manchester, New Hampshire        */s/ Lawrence A. Vogelman*
                                 LAWRENCE A. VOGELMAN (#10280)
                                 Nixon, Vogelman, Barry, Slawsky & Simoneau
                                 77 Central Street
                                 Manchester, NH 03101
                                 Attorneys for the Plaintiff,
                                 JASON SPELTZ